IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cr-30141-SMY |
| | ) |
| GREGORY GILMER, JR., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Defendant Gregory Gilmer, Jr. was released to supervision in July 2019. A Petition to Revoke Defendant's supervised release was filed on October 8, 2020 (Doc. 124) and a warrant for his arrest was issued the same day (Doc. 126). The warrant was executed on March 1, 2021 and Defendant was detained (Docs. 126, 133). On March 25, 2021, the Federal Public Defender was appointed to represent Defendant (Doc. 143); Assistant Federal Public Defender Kim C. Freter entered an appearance of Defendant's behalf on March 29, 2021 (Doc. 146). Now before the Court is Defendant's Motion for Self-Representation (Doc. 152). The Court conducted a hearing on the motion on May 4, 2021.

There is no constitutional right to counsel in a revocation proceeding when the defendant admits violating the conditions of his supervision and does not challenge the appropriateness of revocation. *See Gagnon v. Scarpelli,* 411 U.S. 778, 790–91, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *United States v. Boultinghouse,* 784 F.3d 1163, 1171 (7th Cir. 2015); *United States v. Eskridge,* 445 F.3d 930, 932–33 (7th Cir. 2006). However, when as here, the defendant contests the alleged violations and the appropriateness of the Petition, he has a right to counsel which may be voluntarily waived.

The Sixth Amendment to the United States Constitution provides a defendant the right to conduct his own defense. *Faretta v. California*, 422 U.S. 806 (1975). Faced with a defendant insistent upon self-representation, a district court should make an inquiry to satisfy itself that the defendant is indeed competent to represent himself. *See id.* at 835-36; *United States v. Berry*, 565 F.3d 385, 386-87 (7th Cir. 2009). In order to proceed *pro se*, a defendant must demonstrate a knowing and intelligent waiver of his right to counsel. *See United States v. Clark,* 774 F.3d 1108, 1112 (7th Cir. 2014). A valid waiver must also be voluntary and unequivocal. *Id.*

Factors to be considered include: a defendant's education or sophistication, the complex or easily grasped nature of the charge(s), and the stage of the proceeding. *Iowa v. Tovar*, 541 U.S. 77, 88 (2004). A proper colloquy should also include a discussion of the defendant's understanding of the charges and potential penalties, his exposure to prior criminal proceedings, and his understanding of the technical aspects of trial practice. *See U.S. v. Cooper,* 591 F.3d 582, 587 (7th Cir. 2010). The Court engaged in such a colloquy with Defendant on the record on May 4, 2021.

Defendant completed high school and states that he has an Associate Degree. He can read, write, and understand the English language. While he acknowledges that he is unfamiliar with the Federal Rules of Evidence, Federal Rules of Criminal Procedure, or relevant case law, he believes he can represent himself in this matter. Defendant has never represented himself in a criminal proceeding.

The Court advised Defendant of the possible penalties if he is found guilty of violating his terms and conditions of supervised release; that there are technical rules of evidence and procedure with which he will be obligated to comply; and that he will not be given special consideration

because of his lack of legal training or legal experience. In the face of these cautionary notes, Defendant advised that he still desires to proceed *pro se*.

After conducting the requisite colloquy, the Court finds that Defendant understands the implications and dangers of self-representation. The Court further finds that Defendant is knowingly and intelligently electing to proceed *pro se* even after being cautioned against that decision. The Defendant's decision is also voluntary and unequivocal. Accordingly, Motion for Self-Representation (Doc. 152) is **GRANTED**.

## Motion for Reconsideration (Doc. 155)

Defendant seeks reconsideration of the Court's Order (Doc. 151) striking the *pro se* motions filed at Docs. 148 and 150. In light of the fact Defendant is now *pro se*, the Clerk of Court is **DIRECTED** to reinstate the motions on the record; the Court will issue a ruling on the motions forthwith.

**IT IS SO ORDERED.**

**DATED:** May 6, 2021

2021.05.06
11:17:45 -05'00'

**STACI M. YANDLE**
**United States District Judge**